**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 8 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN BENABOU, as Trustee on behalf of the Mani Benabou Family Trust,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY RECORDERS OFFICE; ALL PERSONS INTERESTED IN THE MATTER OF THE ULA AND ALL PRECEEDINGS RELATED THERETO,<br><br>Defendants - Appellees. | No. 23-2665<br><br>D.C. No. 2:23-cv-00104-JAK-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 6, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jonathan Benabou appeals the district court's Rule 12(b)(6) dismissal of his complaint alleging that a City of Los Angeles ordinance, adopted through a citizens' initiative, violated state and federal law. The ordinance, "Measure ULA," imposed an assessment "on the sale or transfer of real property valued over $5 million." The district court held that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, deprived it of subject matter jurisdiction. We have jurisdiction of Benabou's appeal under 28 U.S.C. § 1291 and we affirm.

1. We review dismissals for lack of subject matter jurisdiction de novo. *May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1265 (9th Cir. 2004). The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Whether a state assessment is a "tax" under the TIA depends on: (1) the entity imposing the assessment; (2) the parties on whom it is imposed; and (3) whether the funds collected are expended for general public purposes or used for the regulation or benefit of the parties upon whom the assessment is imposed. *See Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925, 931 (9th Cir. 1996). Applying this three-factor test, the district court correctly concluded that the challenged ordinance is a tax under

California law.[1]

A. *Entity imposing assessment*. Under California law, "when the electorate exercises its initiative power, it is acting in a legislative capacity." *Cal. Cannabis Coal. v. City of Upland*, 3 Cal.5th 924, 944 n.17 (2017). Because Measure ULA was adopted by an initiative, this factor, although "not dispositive," *Bidart*, 73 F.3d at 931, weighs in favor of treating the ordinance as a tax.

B. *Parties on whom assessment is imposed*. Although the ordinance will affect only a minority of real estate sales, the class of persons subject to the assessment is elastic, as it applies to anyone engaging in a transaction involving the specified amounts. In any event, as *Bidart* recognized, this factor is not dispositive. *See* 73 F.3d at 932; *see also Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1183 (9th Cir. 2006) ("When the first two *Bidart* factors are not dispositive, courts emphasize the third factor—the way in which the revenue is ultimately spent.").

C. *Manner in which revenue is spent*. Most significantly, although the revenues generated by the ordinance are placed into a special fund, they are not expended only for the benefit of those who are assessed. *Bidart*, 73 F.3d at 932 ("[E]ven assessments that are segregated from general revenues are taxes under the

---

[1] On appeal, Benabou argues only that the ordinance is not a tax under state law, not that he lacks a remedy in the California courts. Indeed, an identical suit challenging the ordinance is currently pending in state court. That suit is not affected by the TIA, which only applies to actions initiated in federal court.

TIA if expended to provide a general benefit to the public." (cleaned up)).[2] Indeed, those assessed do not directly benefit from the revenues generated. Rather, the revenues are "used to reduce homelessness, create more affordable housing, and provide financial aid and eviction protection" to those at risk of homelessness. As the complaint acknowledges, "the reduction of homelessness is a matter of statewide concern." *See also MCI Commc'ns Servs., Inc. v. City of Eugene*, 359 Fed. App'x 692, 695 (9th Cir. 2009) (holding that a measure generating funds earmarked for "providing Internet access at homeless shelters" was a tax under the TIA because the funds "benefit the public at large.").

2. Because Benabou never sought leave to amend his complaint below, the district court did not abuse its discretion in denying leave to amend. *See Morris v. Cal. Physicians' Serv.*, 918 F.3d 1011, 1020 (9th Cir. 2019); *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 n.8 (9th Cir. 2015).

3. The district court did not abuse its discretion in denying jurisdictional discovery because Benabou failed to show how "the potential ineffectiveness or collateral effects of an assessment are relevant to a determination as to its ultimate use." *See Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 751 (9th

---

[2] Benabou argues the district court was required to accept as true his allegation that the assessment generated no benefit to the general public. However, this is a legal conclusion, not a factual assertion. *See Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).

Cir. 2013) ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (cleaned up)).

4.    The district court did not abuse its discretion in addressing the *Bidart* factors despite the City's failure to do so in its motion to dismiss. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024). Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**AFFIRMED.**[3]

---

[3]    Benabou's motions for judicial notice, **Dkt. 28**, to file an additional reply brief, **Dkt. 55**, and to strike the intervenors' responding brief, **Dkt. 61**, are denied. The City of Los Angeles's motion for judicial notice, **Dkt. 40**, and Benabou's co-counsel's motion to withdraw as counsel, **Dkt. 75**, are granted.